# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**STANLEY V. RANSOM, III**  PLAINTIFF

v.  No. 3:21-cv-217-DPM

**STATE OF ARKANSAS;**
**CHARLES E. CLAWSON, Judge;**
**COURTNEY KENNEDY, Prosecutor;**
**PRESTON JONES, ADC Probation/Parole**
**Officer; and COURTNEY CATO, Prosecutor**  DEFENDANTS

## ORDER

1. Ransom's application to proceed *in forma pauperis*, Doc. 1, is granted. He reports no income, no employment, and two dependents.

2. The Court must screen Ransom's complaint. 28 U.S.C. § 1915(e)(2). Ransom pleaded guilty in 2012 to a number of state crimes and was sentenced to eighty-four months' probation. *State v. Ransom*, 23CR-11-473. During the next few years, his probation was revoked three times. In 2017, after Ransom's probation was revoked a fourth time, he was sentenced to fifteen years' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals later vacated the judgments, concluding that Ransom's probationary period had ended before the State petitioned to revoke his probation the fourth time. *Ransom v. State*, 2019 Ark. App. 563, *7, 591 S.W.3d 359, 363-364. Ransom now sues under 42 U.S.C. § 1983. He says he was

unlawfully imprisoned and denied bond as a result of the fourth revocation proceeding. He seeks money damages, wages from jobs he lost as a result of the incarceration, and asks the sentence and conviction to be removed from his record.

3. Ransom sues the defendants in their official capacity only; but these claims run against Arkansas, which is immune from suit. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

4. Ransom could amend to sue the defendants in their individual capacities, but that amendment would be futile. Kennedy and Cato are entitled to absolute immunity for their prosecutorial work. *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). And Jones is immune from suit for his work as a probation officer. *Evans v. Dillahunty*, 711 F.2d 828, 831 (8th Cir. 1983).

This leaves Judge Clawson. Generally, judges have absolute immunity from suit because "a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020) (quotation omitted). The only two exceptions are when a judge acts outside of his judicial capacity or acts absent any jurisdiction. *Ibid.* Neither exception applies here. Judge Clawson's ruling was made "in excess of jurisdiction": as a circuit judge, he had the power to revoke probationary sentences, but he made a mistake in exercising that power

in Ransom's case based on the facts. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462-63 (8th Cir. 1994). Because Judge Clawson was neither acting without any jurisdiction nor outside of his capacity as a circuit judge, he is entitled to absolute immunity in his individual capacity.

\* \* \*

Ransom's official capacity claims fail, and amending to plead them against the defendants individually would be futile. His complaint will therefore be dismissed without prejudice.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

7 January 2022